

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ALAN OWENS, | CV 16-95-BMM-JTJ |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |
| HEALTH CARE SERVICE CORP., | |
| Defendant. | |

## I. Synopsis

Health Care Service Corporation (HCSC) filed a Notice of Removal stating the Court has jurisdiction over this matter because Mr. Owens is suing HCSC for actions it took under the direction of a federal agency and because federal common law governs the insurance policy HCSC provided to Mr. Owens. Mr. Owens filed a Motion to Remand the case to state court. Whether removal is proper turns on whether the Federal Officer Removal Statue is applicable in this situation or whether the nature of the policy between HCSC and Mr. Owens gives rise to federal question jurisdiction. Defendant has failed to meet its heavy burden to establish the Court has federal question jurisdiction. However, the Court finds the Federal Officer Removal Statute is applicable and vests the Court with jurisdiction

1

over this action. Accordingly, the Court finds removal is proper and recommends that the district court deny Mr. Owens's Motion to Remand.

## II. Jurisdiction

HCSC removed this case pursuant to two federal statutes: (1) 28 U.S.C. § 1442(a)(1), which authorizes removal of an action against officers or agents of the United States government for any act they commit under color of a federal office, and (2) 28 U.S.C. § 1441, which allows for the removal of cases involving questions of federal law. Neither party disputes personal jurisdiction.

## III. Status

Mr. Owens filed his Complaint in Montana's Eighth Judicial District, Cascade County. HCSC removed the case asserting federal officer and federal question jurisdiction. (Doc. 1.) Mr. Owens filed a Motion to Remand. (Doc. 15.) The parties have fully brief the motion. (Docs. 16, 24, 27.) It is ripe for decision.

## IV. Standards

In certain circumstances, federal law allows a defendant to remove a civil action filed in State court to the district court of the United States for the district and division where the plaintiff filed the action. Removal is proper if (1) the district court has original jurisdiction over the claim; or (2) if Congress allows for removal of the type of claim. 28 U.S.C. § 1441(a). Federal courts have original

jurisdiction over civil actions that raise a federal question–meaning the claim arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. If federal common law governs an action, a federal court has jurisdiction. *Nat'l Farmers Union Ins. Co. v. Crow Tribe of Indians*, 471 U.S. 845, 840 (1985). Likewise, Congress allows officers or agents of the federal government, acting under color of their office, to remove cases pursuant to the Federal Officer Removal Statute. 28 U.S.C. § 1442(a)(1).

Typically, there is a strong presumption against federal jurisdiction over cases removed from state courts. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendants seeking removal have the burden to establish removal is proper. *Id.* Courts must strictly construe the removal statute. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). If there is any doubt that removal is proper, courts must remand. *Id.* The Federal Officer Removal Statute, however, affords a defendant significantly broader removal rights. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). Because the statute protects federal supremacy, courts must construe the statute liberally and not give it a "narrow, grudging interpretation." *Willingham v. Morgan*, 395 U.S. 402, 405, 407 (1969).

## V. Facts

In 1959, Congress enacted the Federal Employees Health Benefits Act (FEHBA) to create a comprehensive health care program for federal employees. *Empire*, 547 U.S. at 682. Congress's goal was to ensure that federal employees would have the same benefits under their health plan regardless of what state they worked in or relocated to. *Blue Cross/Blue Shield of Illinois v. Cruz*, 495 F.3d 510, 513 (7th Cir. 2007). Congress vested the authority to create this program in the Office of Personnel Management (OPM). The OPM contracted with the Blue Cross and Blue Shield Association (BCBSA) to create a health care plan available to federal employees nationwide known as the Service Benefit Plan (The Plan). The BCBSA acts on behalf of local Blue Cross and Blue Shield companies that administer The Plan in their communities. HSCS administers The Plan in Montana.

The contract between OPM and BCBSA requires each company administering The Plan to make reasonable efforts to recover any funds which it is entitled to recover and to "subrogate under a single, nation-wide policy to ensure equitable and consistent treatment for all Members under the contract." 2013 Master Contract § 2.5(c), (f) (as amended by § 4.1(m)). The Plan's terms state that the Plan has a right to reimbursement from an enrollee for any amount The Plan

4

pays on behalf of the enrollee if a third-party also compensates that enrollee for the same a condition or injury. *See* (Doc. 1-14; Doc. 1-21.) Under The Plan's terms, the insurer is entitled to reimbursement even if the enrollee is not "made whole" for all of his or her damages. (*Id.*) The Plan's terms conflict with Montana's "made whole doctrine," which bars an insurer from seeking reimbursement from enrollees who do not receive compensation for the full amount of their injuries. *Swanson v. Hartford Ins. Co.*, 46 P.3d 584, 586 (Mont. 2002).

Mr. Owens was enrolled in The Plan from January 9, 2005, to September 29, 2007, and from December 13, 2015, through the present. (Doc. 16 at 2.) Mr. Owens sustained injuries in an automobile accident on March 4, 2015. (*Id.*) After Mr. Owens re-enrolled in The Plan, The Plan paid $71,709.96 in medical expenses related to the accident on Mr. Owens' behalf. (*Id.*) Mr. Owens received $25,000 from the insurer of the other person involved in the accident and an additional $100,000 from his own motor vehicle insurer. (*Id.*) Mr. Owens past, present, and future damages exceed the $125,000 he has recovered. (*Id.* at 3.) Under the reimbursement provision of The Plan, HCSC asserted a lien against Mr. Owens's recovery and demanded that he reimburse The Plan for the benefits it paid on his

behalf. (Doc. 1 at 5.) Mr. Owens filed this action in state court seeking a declaration that HCSC is not entitled to reimbursement. (*Id.*)

## VI. Analysis

HCSC argues the Court has jurisdiction over this action under two theories. First, HCSC claims the Court has federal question jurisdiction because federal common law governs this action. Second, HCSC argues that the Federal Officer Removal Statute applies to this action because the federal government provides direct and detailed supervision over HCSC's administration of The Plan. The Court disagrees that it has federal question jurisdiction over this action; however, the Court agrees that the Federal Officer Removal Statute allows for removal under the facts presented here, and the Court is vested with jurisdiction over this action.

### 1. Federal question jurisdiction

HCSC argues that because a significant conflict exists between The Plan's reimbursement provision and Montana's "made whole doctrine," federal common law governs the claim and the Court has federal question jurisdiction. Mr. Owens argues that while The Plan's reimbursement provision does conflict with Montana law, federal common law does not govern the case because the conflict does not involve an identifiable federal policy or interest. Mr. Owens argues that the federal

government's interest under the FEHBA is in uniform benefits coverage and not in uniform rules regarding reimbursement. The Court agrees.

The conflict at issue here is that The Plan requires an enrollee to reimburse an insurer for any third-party compensation the enrollee receives regardless of whether the enrollee is fully compensated for his injuries. Yet, Montana's "made whole doctrine" states that an enrollee does not have to reimburse an insurer unless the enrollee has been fully compensated for his injuries. Despite this conflict, the Court finds federal common law does not apply to Mr. Owens' claim, and therefore, the Court does not have federal question jurisdiction.

In order for a federal court to have federal question jurisdiction over a claim, the claim must arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. If federal common law governs a claim, it satisfies this requirement. *Nat'l Farmers Union Ins. Co.* at 471 U.S. 840. Federal common law governs an action if (1) the case involves "uniquely federal interests;" and (2) there is a significant conflict between state law and a specific objective of federal legislation or federal policy or interest. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504-507 (1988).

In *Empire HealthChoice Assurance, Inc. v. McVeigh*, the United States Supreme Court analyzed whether federal common law governs claims involving

The Plan. 547 U.S. 677 (2006). The Court held that reimbursement cases involving The Plan satisfy the first factor of the test because a federal fund receives the reimbursements, a federal agency negotiated the contract between the OPM and BCBSA, and the contract concerns federal employees. *Id.* at 696. The Court found, however, that these cases do not satisfy the second factor of the test because the federal government's interest under the FEHBA is in uniformity of benefits under The Plan and not in reimbursement due to third-party recoveries.

This Court likewise finds that Mr. Owens' claim satisfies the first factor of the *Boyle* test but fails to satisfy the second. Montana's "made whole doctrine" does not affect the uniformity of benefits The Plan provides, but instead, concerns whether HCSC is entitled to reimbursement from Mr. Owen's third-party recovery. Accordingly, the Court finds federal common law does not govern this action, and that the Court does not have federal question jurisdiction over this action.

### 2. Federal Officer Removal Statute

HCSC argues that administrators of health insurance plans under the FEHBA satisfy the requirements for removal under the Federal Officer Removal Statute. (Doc. 24 at 17.) Mr. Owens argues that the Statute does not apply because HCSC has sole discretion whether to seek reimbursement and, therefore, does not

act under detailed regulation, monitoring, or supervision of the federal government. (Doc. 16 at 4.) The Court agrees with HCSC.

Under the Federal Officer Removal Statute, Congress allows for the removal of civil actions against entities acting under a federal officer or agency for, or relating to, any act the entity commits under color of federal office. 28 U.S.C. § 1442(a)(1). As discussed above, a defendant's right to removal under the Statue is significantly broader than under the general removal statute. *Leite*, 749 F.3d at 1122 (9th Cir. 2014) (citation omitted). The Statute applies when a defendant shows (1) that the defendant satisfies the statute's definition of "a person;" (2) there is a causal nexus between the plaintiffs' claims and the actions the defendant took acting under color of federal office; and (3) the defendant has a 'colorable' federal defense to the plaintiffs' claims. *Id.* at 1120.

Here, the only factor that Mr. Owens' argues HCSC fails to satisfy is the second. Mr. Owens does not dispute that a causal nexus exists. Even if he did, when assessing whether a causal nexus exists, courts must give credence to the defendant's theory of the case. *Leite,* 749 F.3d at 1124. Accordingly, the controlling issue is whether HCSC satisfies the "acting under" prong of the Federal Officer Removal Statute's second factor.

9

The Unites States Supreme Court has held that when the defendant is a private person, the "acting under" prong of the second factor focuses on the defendant's relationship with the federal government. *Watson v. Philip Morris Cos.*, 551 U.S. 142, 151-152 (2007). In *Watson*, the Supreme Court stated that the "acting under" prong requires that the defendant must be (1) assisting a federal superior to carry out "basic governmental tasks;" (2) subservient to the government; and (3) in the case of a government contractor, helping "the government to produce an item that it needs." *Id* at 153. The Court noted that the relationship between the contractor and the government typically involves "subjection, guidance, or control."

The Eighth Circuit held that a FEHBA administrator's relationship with the OPM is a paradigm of the sort of relationship envisioned by the Federal Officer Removal Statute. *Jacks v. Meridian Res. Co., LLC*, 701 F.3d 1224 (2012). Several district courts in the Ninth Circuit agree. *See Inspire Malibu v. Anthem Blue Cross Life & Health Ins. Co.*, 2016 U.S. Dist. LEXIS 136244, at *12-14; *Tantuwaya v. Anthem Blue Cross Life & Health Ins. Co.*, 2016 U.S. Dist. LEXIS 45589, at *12-16; *Goncalves v. Rady Children's Hosp. San Diego*, 65 F. Supp. 3d 985, 990-91 (S.D. Cal. 2014); *Bell v. Blue Cross & Blue Shield of Okla.*, 2014 U.S. Dist. LEXIS 155723, at *7-10.

Like those courts, the Court finds that in administering The Plan, HCSC satisfies the "acting under" prong of the second factor. First, the FEHBA placed the OPM in charge of providing health benefits to federal employees. HCSC in turn assists the OPM in fulfilling this basic government task. *Jacks*, 701 F.3d at 1233. This satisfies the first *Watson* factor.

Second, the OPM has "direct and extensive control over these benefit contracts under the FEHBA." *Jacks*, 701 F.3d at 1233. The OPM reviews and authorizes for distribution each FEHBA plan's benefit brochure. *Jacks*, 701 F.3d at 1233. Likewise, the OPM monitors and supervises FEHBA carriers and establishes minimum standards for carriers. *See* 5 C.F.R. §§ 890.204-05. If the OPM finds that a carrier's performance is inadequate, it can terminate the carrier's contract. *Id.* This clearly places FEHBA administrators like HCSC in a subservient position under the OPM and satisfies the second *Watson* factor.

Finally, in passing the FEHBA, Congress recognized that the federal government needed to provide health care benefits for its employees in order to compete with the private sector to attract top talent. *Jacks*, 701 F.3d at 1232. HCSC helps the federal government accomplish this need by sharing in the day-to-day operating responsibilities involved in the administration of federal employee health benefits. *Id.* at 1234. This satisfies the third *Watson* factor.

Mr. Owens argues that HCSC retains discretion regarding whether to seek reimbursement from an enrollee and, therefore, "cannot be[] acting under the direct and detailed control of an officer of the federal government." (Doc. 15 at 5.) The Court disagrees.

The federal contract that governs the relationship between HCSC and the OPM requires HCSC to make reasonable efforts to seek reimbursement. 2013 Master Contract § 2.5(c) (as amended by § 4.1(m)); *Empire HealthChoice Assurance, Inc.*, 547 U.S. at 683. Although HCSC has some discretion in resolving subrogation and reimbursement issues, HCSC is simply performing a task that the OPM would otherwise perform. The Court finds the discretion over subrogation and reimbursement HSCS enjoys is not fatal to removal under the Federal Officer Removal Statute. Regardless of this discretion, for the reasons mentioned above, HCSC is still subservient to the OPM, and the relationship between HCSC and the OPM still satisfies the three *Watson* factors. Therefore, the Court finds HCSC is "acting under" the OPM in administrating health benefits for federal employees as the second factor of the Federal Officer Removal Statute requires.

## VII. Conclusion

The Court finds that the action was properly removed and recommends that the district court deny Mr. Owens' Motion to Remand.

This court **FINDS:**

1. The Court does not have federal question jurisdiction over this action.

2. The Court has jurisdiction over this action under the Federal Officer Removal Statue.

3. Removal of this action from state court to federal court is proper.

This court **RECOMMENDS:**

That the district court deny Mr. Owens' Motion to Remand. (Doc. 13.)

Dated the 16th day of December 2016.

John Johnston
United States Magistrate Judge